BOYLE & EVERTS CO. v. FOX et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. CONTRACTS—TIME FOR PERFORMANCE—WAIVER.
   Evidence examined, and *held* to sustain a finding that plaintiff's failure to deliver material for defendant's building within the time required by the contract had been waived by the defendant.

2. SUPPLEMENTAL SUMMONS AND COMPLAINT—SERVICE WITHOUT LEAVE OF COURT—OBJECTIONS—MODE OF TAKING.
   An objection that a supplemental summons and complaint had been served without leave of court, bringing into the action the sureties on a bond given to secure the performance of any judgment obtained by plaintiff, could not be taken by answer thereto or on the trial, but only by motion to set them aside.

Appeal from special term.

Action by the Boyle & Everts Company against John Fox and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Martin J. Earley, for appellants.

Milton Mayer, for respondent.

INGRAHAM, J. The action was brought to foreclose a mechanic's lien. The defendants gave a bond to secure the payment of any judgment obtained by the plaintiffs, whereupon the action proceeded as against the defendant Fox as principal and the other defendants as sureties upon this bond. The defendant Fox, in his answer, admits the making of the contract, but denied that the plaintiffs substantially furnished to the defendants all of the material provided for in the contract, and sets up as a counterclaim a breach of the contract as to the time within which the articles contracted for were delivered, and also as to the quality of certain articles furnished as not being in compliance with the contract, alleging that he has sustained damage in consequence of the failure of the plaintiffs to perform the contract, and ask for judgment against the plaintiffs for the damages sustained. Upon the trial the plaintiffs proved the contract by which they agreed to furnish to the defendant Fox certain materials to be used in the construction of "three four-story flats now being erected on 169th street, 100 feet west of Washington avenue, on the south side of 169th street, New York City," specifying certain sash and trim and other articles to be used in the construction of the building. The contract further provided that the payments were to be made "by the party of the second part to such party of the first part as follows: First payment when all standing trim and wardrobes and dressers are delivered to the satisfaction of the owner, the sum of sixteen hundred dollars ($1,600)"; and the other payments when the other articles were delivered. It was further provided that: "Instead of all standing trim, wardrobes, and dressers to be delivered in three weeks, change to the delivery of material shall commence in three weeks, and all the trim under this contract shall be delivered within six weeks from date." This contract was dated June 1, 1900. On June 23, 1900, the plaintiffs wrote to the defendants, saying that they were ready to make the first delivery of trim according to the agreement, but were under the impression from Mr. Howes (plaintiffs' agent) that the defendants were unable at that time to accept the delivery. Plaintiffs' representative testified that he came to New York and saw the defendant Fox about the 26th day of June, when Fox said that he was not then ready to take the articles contracted to be delivered; that subsequently, when the articles were delivered to the defendants, the defendant Fox told the witness that he was perfectly satisfied with the trim; that everything was all right; and he expected to get the money the next day, and pay the plaintiffs. This was in regard to the last payment of $1,100 under the contract, which, together with some extras furnished by the plaintiffs, was the amount to recover which the action was brought. Mr. Howes, who was the plaintiffs' agent in procuring this contract, testified that when the first delivery under the contract was sent to New York, it arrived here in the early part of July, and was in New York for some days before it was delivered to Fox, and that the plaintiffs had to pay demurrage on

the cars; that at the time it arrived the white mortar was not on in the house, and Fox was not ready and could not receive the trim sent; that he told Howes to hold it; that the trim was subsequently delivered and put in the house, the first shipment having been delivered about the 13th day of July, and the last of the articles furnished about the 4th day of October; that Fox promised to make the last payment a number of times, and that when the articles were delivered Fox received them, and made no objection as to the time of delivery; that at no time did the defendant Fox make any objection to the delay, but the delay in delivery was caused by Fox not being ready to receive the articles when they were ready for. delivery; that after the first delivery the articles came along as rapidly as they could be put up by Fox; that the delay was caused by Fox's carpenters not being able to put up the trim as fast as it was delivered. The defendant Fox was not called as a witness, and there was no denial of the conversation testified to by the plaintiffs' witness at which Fox requested a delay. The contract also required these articles to be furnished "in accordance with the plans and specifications," the plaintiffs' witness testifying that he prepared certain specifications—which were those referred to in the contract—from the plans of the building furnished him, and this was not denied by Fox; and that the articles furnished by the plaintiff were in accordance with those specifications thus prepared by the plaintiff. On behalf of the defendants it was claimed that the specifications referred to in the contract were the specifications for the building itself, which had been furnished to the plaintiffs, and from which the plaintiffs' representative alleged he had prepared the specifications for this particular work. It seems to be quite clear that upon this evidence a question of fact was presented, and, the trial court having found that the work was substantially completed by the plaintiffs, with the exception of a certain skylight, for which an allowance was made, that finding was sustained by the evidence, and we would not be justified in reversing the judgment. There was undoubtedly a breach of the contract as to the time of delivery, but there was evidence from which the court could find, as it did, that the time within which this work should be completed was waived by Fox. There was evidence to sustain the finding of the court below upon the questions at issue, and there is nothing to justify us in reversing the judgment.

There is an allegation in the answer of the defendants that a supplemental summons and complaint had been served, bringing in the sureties upon the bond without leave of the court; but the defendants had answered this amended supplemental complaint, and it was too late to take this objection by answer or upon the trial. If the defendants had intended to object to the service of such a supplemental summons and complaint without leave of the court, the objection should have been by motion to set them aside.

No error was committed upon the trial which would justify us in reversing the judgment, and it is affirmed, with costs. All concur.